Bell, J.,
dissenting. I can not agree with the conclusion of the majority that the General Assembly “clearly expressed an intention to restrict the application of that statute [Section 11663-1, General Code] to real property upon which had been located nothing substantial in addition to ‘a dwelling or dwellings for not more than two families.’ ”
The statute says, “upon which * * * there has been located a dwelling or dwellings for not more than two families.” It does not say, “upon which there has been located nothing substantial in addition to a dwelling or dwellings.”
The majority opinion cites paragraph four of the syllabus in Carr v. Home Owners Loan Corp., 148 Ohio St., 533, 76 N. E. (2d), 389. The problem involved in that case was not the nature of the building located on the real estate (it was a single-family dwelling) but concerned the time-of the commencement of the running of the statute. I agree that the statute should not be extended by implication to deny the right to enforce satisfaction of an indebtedness. Neither should it be restricted by writing into it words that do not appear therein.
A.“dwelling house” is defined as follows in Bouvier’s Law *518 Dictionary (Baldwin’s Century Edition): “A building inhabited by man. A house usually occupied by the person there residing, and his family. The apartment, building, or cluster of buildings in which a man with his family resides.” Both Webster’s New International Dictionary and the New Century Dictionary list as synonyms for “dwelling” such words as “habitation,” “abode,” “a place of residence.” In none of the dictionaries is “dwelling” limited to the conventional “house” or to a building containing living quarters only.
It is a matter of common knowledge that many professional and business men have offices in connection with their homes. Can it be said that a physician or lawyer who erects a two-story building consisting of an office on the first floor and living quarters occupied by him as his home on the second floor has not erected a “dwelling” within the meaning of the statute?
The majority opinion attempts to fortify the position taken therein by saying that, if one of the storerooms on the first floor of the building involved herein had been rented out to a family for a dwelling, the building would not come under the statute because it contained dwellings for more than two families. The very statement of that eventuality should make that conclusion obvious. Neither would a 96-unit apartment building be a “dwelling for hot more than two families.”
But those are not the facts of this case. Here the trial court found that this building had been used as a dwelling for not more than two families, and the Court of Appeals affirmed that finding. I do not believe this court should substitute its finding of fact for that of the lower courts.
In the case of Montalto v. Yeckley, 138 Ohio St., 314, 34 N. E. (2d), 765, relied on by the majority, the living quarters located on the second and third floors of a building containing a storeroom on the first floor “were never occupied or held as a homestead by the mortgagor.” In the present case, the lower courts found the living quarters had been occupied as a home for many years by the owner and his family. That finding that it thus constituted a dwelling should not be disturbed by this court.
Weygandt, C. J., and Zimmerman, J., concur in the foregoing dissenting opinion.