CITY OF WADSWORTH, APPELLEE, *v.* SLANKER, APPELLANT.

(No. 1271—Decided November 30, 1983.)

*Mr. Norman E. Brague,* law director, for appellee.

*Mr. Richard D. Dickey,* for appellant.

MAHONEY, P.J. The singular issue in this case is whether a person convicted of operating a motor vehicle while under the influence of alcohol under a city ordinance (substantially equivalent to R.C. 4511.19 and 4511.99, as amended effective March 16, 1983) may be confined to an alcoholic treatment and control center pursuant to R.C. 2935.33(B) in lieu of a ten-day mandatory minimum term of imprisonment under R.C. 4511.99(A)(2), effective March 16, 1983. We hold that he may.

Defendant-appellant, James F. Slanker, had a previous conviction for being "under the influence" within the past five years. When Slanker appeared before the trial judge for sentencing, the judge found him to be an alcoholic and one who would benefit from the services of an

alcoholic treatment and control center. However, the judge declined to sentence Slanker to an alcoholic treatment and control center because he believed that he lacked the authority to do so by virtue of the March 1983 amendments to R.C. 4511.19 and 4511.99.

R.C. 2935.33(B) provides in part:

"* * * [T]he court may commit such person to close supervision in any center which serves the area wherein the court has jurisdiction in lieu of imprisonment. * * *"

R.C. 4511.99, effective March 16, 1983, provides in pertinent part:

"(A) * * *

"* * *

"(2) If the offender has been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of ten consecutive days and may be sentenced to a longer term of imprisonment. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

"* * *

"(5) Notwithstanding sections 2929.51 and 2951.02 of the Revised Code and any other section of the Revised Code that authorizes the suspension of a sentence, no court shall suspend the three, ten, or thirty consecutive days of imprisonment required to be imposed by divisions (A)(1), (2) and (3) of this section."

When R.C. 4511.99 was amended effective March 16, 1983, the legislature did not in any way amend R.C. 2935.33. Therefore, we must presume that it was the legislative intent that the sections be read *in pari materia* so that both are compatible and effective. We further deduce from the legislature's specific mention of R.C. 2929.51 and 2951.02, but exclusion of R.C. 2935.33 from mention, in R.C. 4511.99(A)(5) that it intended R.C. 2935.33 to be utilized by a sentencing court.

When the Supreme Court reviewed the interaction of R.C. 4511.99 and 2935.33(B), prior to the recent amendments, the court, in *State, ex rel. Phillips,* v. *Andrews* (1977), 50 Ohio St. 2d 341, at 344 [4 O.O.3d 480], stated:

"R.C. 2935.33 was enacted by the General Assembly during the same session in which the mandatory three-days' imprisonment provision was added to R.C. 4511.99, and R.C. 2935.33 was further amended in 1975 and 1976. If the General Assembly had deemed there to be a conflict or incongruity between these two statutory provisions, that body had ample time to amend, repeal, or otherwise clarify any existing incongruity. It did not do so.

"It is axiomatic that consistency in statutes is important and that statutes should, if possible, be construed so as to reconcile their provisions. It is our opinion that giving a judge the option to imprison an offender for three days under [R.C.] 4511.99(A) or commit him for treatment under R.C. 2935.33(B) most nearly achieves this end."

In the final analysis we fail to see any difference in ultimate effect between the provision in R.C. 4511.99(A) prior to the March 16, 1983 amendment, which stated that "* * * [a]t least three days' imprisonment is mandatory * * *" (see *State, ex rel. Moraites,* v. *Gorman* [1975], 42 Ohio St. 2d 175 [71 O.O.2d 172]), and the provision in R.C. 4511.99(A)(5) after the March 16, 1983 amendment, which states that "* * * no court shall suspend the three, ten, or thirty consecutive days of im-

prisonment required to be imposed by divisions (A)(1), (2) and (3) * * *."[1]

Accordingly, we hold that a commitment to an alcoholic treatment and control center under R.C. 2935.33(B) is not a suspension of sentence under R.C. 4511.99(A)(5). Such a commitment is in lieu of imprisonment and thus the equivalent of, or a substitution for, imprisonment.

Summary

We vacate the sentence imposed by the trial court and remand this cause for sentencing in which the trial court may exercise its discretion in utilizing R.C. 2935.33.

*Judgment reversed and cause remanded.*

BAIRD and GEORGE, JJ., concur.

---

[1] We note that provisions for repeat offenders in the enactment of R.C. 4511.99(A)(2) and (A)(3) did not stimulate any corresponding amendment of R.C. 2935.33(B). This may have been an oversight but one which we are not disposed to judicially legislate. Perhaps sentencing courts will be mindful of this oversight.