THE STATE OF OHIO, APPELLANT, *v.* CRAVENS, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* KRUSE, APPELLEE.

(Nos. C-870095 and C-870097— Decided February 17, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Paul R. Markgraf,* for appellant.

*Jack C. Rubenstein,* for appellees Donald E. Cravens and Brian K. Kruse.

BLACK, J. In 1986, the General Assembly amended R.C. 2925.03 by adding divisions (H) through (L), providing for the imposition of mandatory fines for certain drug trafficking offenses. The single question in these two state appeals (filed by leave of court and consolidated for decision) is whether the trial court has the power to suspend a portion of the mandatory fines under R.C. 2929.51(F).[1] We hold that the trial court has no power to suspend any portion of the mandatory fines.

In *State* v. *Kruse,* case No. C-870097, the defendant pleaded guilty on December 11, 1986 to one count of aggravated trafficking in cocaine (a violation of R.C. 2925.03[A][1] and a felony of the third degree), and the other two counts were dismissed. A presentence report was ordered by the trial court. At the sentencing hearing on January 6, 1987, the court imposed a sentence for a definite term of two years, suspended it, and placed the defendant on probation for five years on certain conditions not relevant in this appeal. The court specifically deferred the consideration of a fine under divisions (H) through (L) of R.C. 2925.03, asking for memoranda of counsel on the meaning of these new provisions, which had become effective August 29, 1986. On January 8, 1987, after a hearing at which the court expressed its opinion that the power to suspend a fine as granted in R.C.

2929.51(F)(1) was still "operative" because fines imposed without considering all the circumstances are arbitrary and should not be forced on a court, the trial court "modified" the prior sentencing entry by imposing a fine of $2,500, suspending $1,900 of it "in the interest of justice and the correction and rehabilitation of the offender," and ordering payment of a $600 fine. This is the order from which the prosecution appeals.

In *State* v. *Cravens,* case No. C-870095, after acceptance on January 6, 1987 of a plea of guilty to one count of aggravated trafficking in cocaine (in violation of R.C. 2925.03[A][5] and a felony of the second degree), followed by a presentence report, the trial court imposed a sentence of imprisonment of three to fifteen years, three years to be "actual incarceration" (not suspended), imposed a fine of $5,000, and suspended "execution" of $4,000, leaving $1,000 to be paid.

The statutory language to be interpreted is found in the following parts of R.C. 2925.03(H), (I), (J) and (L), all of which were enacted by Am. S.B. No. 67 (141 Ohio Laws, Part I, 164), effective August 29, 1986:

"(H) Notwithstanding the fines otherwise required to be imposed pursuant to section 2929.11 or 2929.31 of the Revised Code for violations of this section and notwithstanding section 2929.14 of the Revised Code:

"* * *

"(4) *If the offense is aggravated trafficking and a violation of division (A)(1) of this section,* or if the offense is trafficking in drugs and a violation of division (A)(3) of this section, *the court shall impose a mandatory fine of two thousand five hundred dollars* and, if

---

[1] This is a question of first impression. The only prior case involving R.C. 2925.03 (H) through (L) is *State* v. *Lambrecht* (Nov. 13, 1987), Lucas App. No. L-87-062, unreported, in which the statute was held not to violate the equal protection or due process provisions of the United States Constitution.

the offender has previously been convicted of a felony drug abuse offense, the court shall impose a mandatory fine of five thousand dollars.

"* * *

"(6) If the offense is trafficking in marihuana and a violation of division (A)(7) of this section, if the offense is trafficking in drugs and a violation of division (A)(7) of this section, or *if the offense is aggravated trafficking and a violation of division (A)(2), (4), (5), or (6) of this section, the court shall impose a mandatory fine of five thousand dollars* and, if the offender has previously been convicted of a felony drug abuse offense, the court shall impose a mandatory fine of ten thousand dollars.

"* * *

(I) When the mandatory fine imposed pursuant to division (H) of this section does not exceed the maximum fine that could be imposed pursuant to section 2929.11 or 2929.31 of the Revised Code, *the court may impose an additional fine if the total of the mandatory and additional fines together does not exceed the maximum fine that could be imposed pursuant to section 2929.11 or 2929.31 of the Revised Code. When the mandatory fine exceeds the maximum fine that could be imposed pursuant to section 2929.11 or 2929.31 of the Revised Code, the court shall not impose an additional fine.*

"(J) *Any mandatory fine imposed pursuant to this section shall be paid to the law enforcement agencies in this state that were primarily responsible for or involved in making the arrest of, and in prosecuting, the offender.* The mandatory fines shall be used to subsidize each agency's law enforcement

efforts that pertain to drug offenses. *Any additional fine imposed pursuant to division (I) of this section shall be disbursed as otherwise provided by law.*

"* * *

"(L) *No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges in an affidavit filed with the court prior to sentencing that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine.*" (Emphasis added.)

The statutory language used by the trial court to justify its suspension of a portion of the fines was originally enacted in 1974 (Am. Sub. H.B. No. 511 [134 Ohio Laws, Part II, 1866, 1987]) and is now found in R.C. 2929.51:

"(F) At the time of sentencing and after sentencing, when a fine is imposed, *the court may*:

"(1) *Suspend all or any portion of the fine,* upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender;

"(2) Permit payment of all or any portion of the fine in installments, or by any other method and in any time and on any terms that the court considers just, except that the maximum time permitted for payment shall not exceed two years."[2] (Emphasis added.)

It is clear that in Ohio, trial judges do not have inherent power to suspend the execution of a sentence, the legislature may grant or withhold the power to suspend, and a suspension

---

[2] Cravens' sentence of incarceration was not suspended and he was not placed on probation on the usual or other conditions. It may therefore be argued that the trial court had no authority to suspend

$4,000 of the fine even under R.C. 2929.51(F)(1), because the power to suspend granted by that statute requires that the suspension shall be "upon conditions" imposed by the court.

not authorized by statute shall be set aside. *State, ex rel. Gordon,* v. *Zangerle* (1940), 136 Ohio St. 371, 16 O.O. 536, 26 N.E. 2d 190. It is also clear that when the legislature specifically provides for mandatory imprisonment ("actual incarceration") for a felony drug offense, the sentencing judge has no discretion to modify the period of mandatory imprisonment (R.C. 2929.51), and a convicted offender must serve the stated period. *State* v. *Oxenrider* (1979), 60 Ohio St. 2d 60, 14 O.O. 3d 235, 396 N.E. 2d 1034 (interpreting R.C. 2925.03[E][3] requiring "actual incarceration" for a violation of division [A][7] of that statute, and R.C. 2925.01[D] defining "actual incarceration"). See *Cleveland* v. *Scott* (1983), 8 Ohio App. 3d 358, 8 OBR 470, 457 N.E. 2d 351 (mandatory sentences for certain liquor law violations); *State* v. *Bonello* (1981), 3 Ohio App. 3d 365, 3 OBR 428, 445 N.E. 2d 667 (the legislature's power to provide sentences, mandatory or otherwise, may constitutionally restrict the sentencing discretion of the trial court). This being the state of the law, our attention turns to the meaning of the statutes under consideration.

The interpretation of a statute is the determination of what the statute means. The interpretation starts and ends with the words chosen by the legislature, but it is not limited to the words alone, because the whole context of the enactment must be considered.

The process of interpretation requires (1) a decision about the purpose to be attributed to the statute and (2) a decision about the meaning of the legislature's words that will carry out that purpose. The words have a double function: They serve as guides to discovery of the purpose, and they serve as limitations on the extent of the statute's applications. The words must be taken in their usual, normal or customary meaning.

We first note that in divisions (H) through (L) of R.C. 2925.03, the General Assembly emphasized what it intended by using the phrase "mandatory fine" a total of twenty-five times. The word "mandatory" has a well-known meaning: "Imperative. Required to be done or performed. Compulsory, not a matter of discretion." Ballentine's Law Dictionary (3 Ed. 1969) 771. We find in the use of "mandatory fine" the same restrictions on sentencing discretion as was meant by the use of "actual incarceration." *State* v. *Oxenrider, supra.*

The purpose and intent of the 1986 amendment are further revealed by its design and structure. First, mandatory fines are separate from the fines that may be assessed generally for felony convictions. Division (H) begins with the phrase "[n]otwithstanding the fines otherwise required to be imposed" under R.C. 2929.11 (penalties for felonies) and 2929.31 (organizational penalties), and "notwithstanding" R.C. 2929.14 (guidelines for imposition of fines, in general).[3] This says to us that the mandatory drug fines are in

---

[3] R.C. 2929.14 sets forth guidelines for the imposition of fines for felonies as follows:

"(A) In determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court shall consider the nature and circumstances of the offense, the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, the history, character,

and condition of the offender, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B) The court shall not impose a fine in addition to imprisonment for felony, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, or the offense was committed with purpose to establish, maintain, or

a different category than the fines otherwise assessable for felonies, and that the general statutes do not control in the specific instances listed in the nine parts of division (H). Second, division (I) makes it clear that the mandatory fines have priority over the general fines because the latter can be imposed only if there is a balance of the maximum general fine remaining after the mandatory fine. Third, the mandatory fines must, under division (J), be distributed specifically to the Ohio law enforcement agencies that were primarily responsible for the arrest and prosecution of the offender, whereas the "additional" fines are to be disbursed "as otherwise provided by law." Fourth, under division (L), the imposition of mandatory fines is limited only by the trial court's determination, upon the offender's affidavit, that he is an indigent person and unable to pay the fine, a much greater restriction of the trial court's

discretion than is found within the general provisions of R.C. 2929.14.

Finally, we believe it is abundantly clear that the provisions of R.C. 2925.03(H) through (L) are special provisions, applicable only in the drug cases detailed in division (H), and that these provisions were enacted subsequent to the general provisions for fines in felony cases found in R.C. 2929.11, 2929.14, 2929.31 and 2929.51 (F). Under R.C. 1.51 and 1.52,[4] a specific statute enacted later than a general statute will control when there is a conflict between the two. *Davis* v. *State Personnel Bd. of Review* (1980), 64 Ohio St. 2d 102, 105, 18 O.O. 3d 345, 347, 413 N.E. 2d 816, 818. There is an obvious conflict between R.C. 2925.03 (H) through (L) and 2929.51(F).

The defendants make two contentions in support of their position that R.C. 2925.03(H) does not prevail over R.C. 2929.51(F). They argue that in

---

facilitate an activity of a criminal syndicate, as defined in section 2923.04 of the Revised Code, or the offense was committed for hire or for purpose of gain.

"(C) The court shall not impose a fine or fines for felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense.

"(D) At the time of imposing sentence, or as soon as possible after imposing sentence, for a felony, the court shall notify the victim of the offense of his right to file an application for an award of reparations pursuant to sections 2743.51 to 2743.72 of the Revised Code."

[4] R.C. 1.51 (special or local provision prevails over general) and 1.52 (irreconcilable statutes or amendments) read in full:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions

is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." (R.C. 1.51.)

"(A) If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.

"(B) If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each. If the amendments are substantively irreconcilable, the latest in date of enactment prevails. The fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not of itself make the amendments irreconcilable. Amendments are irreconcilable only when changes made by each cannot reasonably be put into simultaneous operation." (R.C. 1.52.)

74

other instances when the General Assembly imposed mandatory penalties, it used the phrase "notwithstanding any contrary provisions for suspension of sentence" as in an earlier form of the definition of "actual incarceration" in R.C. 2925.01(D) (see 139 Ohio Laws, Part II, 3046), or "[n]otwithstanding any section * * * that authorizes the suspension of the imposition or execution of a sentence" (for operating a vehicle while intoxicated, in violation of R.C. 4511.19) as in R.C. 4511.99(A)(5). However, the "notwithstanding" clauses in R.C. 2925.03(H) do *not* refer to R.C. 2929.51(F), thus implying that section is still "operative." Further, defendants argue that R.C. 2901.04(A) requires that criminal statutes shall be construed strictly against the state and liberally in favor of accused persons. Conceding that these arguments are reasonable and merit consideration, we nonetheless conclude that they do not have sufficient weight to overbalance the countervailing arguments that we have reviewed above.

We conclude that the General Assembly intended to restrict the trial court's discretion about imposing fines in those cases involving drug convictions specifically enumerated in the nine parts of division (H) of R.C. 2925.03.

We find merit in the single assignment of error uniformly presented by the state in both these appeals, to the effect that the trial court erred in suspending a portion of the mandatory fines. We vacate that order in each case which first imposed the mandatory fine and then suspended a portion of it. We remand these cases with instructions to impose the mandatory fines without suspension of any portion.

*Judgment accordingly.*

KLUSMEIER, P.J., and UTZ, J., concur.