## Scherer
### v.
## Rock Hill Bd. of Edn.
*[Cite as 2 AOA 202]*

*Case No. 1931*
*Lawrence County, (4th)*
*Decided April 12, 1990*

*R.C.309.13*
*R.C.2921.42*
*R.C.3313.33*
*R.C.3319.21*

Moore, Wolfe & Bentley, Mr. John Wolfe, Ironton, Ohio, for Appellant.

Anderson & Anderson, Mr. W. Mack Anderson, Ironton, Ohio, for Appellees.

*Per Curiam.*

This is an appeal from a summary judgment entered by the Lawrence County Court of Common Pleas in favor of James F. Scherer and Anita V. Scherer, plaintiffs-appellees, on their amended complaint against Rock Hill Local School District, James Tordiff in his capacity as the Treasurer of the Rock Hill Local School District, and Alvin Steed, defendant-appellant. The trial court declared that the employment contract entered into between appellant and Rock Hill Local School District Board of Education was void and permanently enjoined the board of education and its treasurer from paying appellant pursuant to the employment contract.

Appellant assigns the following errors:

I. The Court erred in ruling that the contract between defendant-appellant Alvin Steed and defendant-appellee Rock Hill Local School Board Education was void as being in violation of Ohio Revised Code Section 3319.21.

II. The Court erred in ruling that Ron Steed had a pecuniary interest in his wife's employment contract.

On February 23, 1989, appellees filed an amended complaint which alleged, in pertinent part, that appellees were residents and taxpayers[1] of the Rock Hill Local School District, that appellant was an employee of the Rock Hill Local School District Board of Education pursuant to a June 24, 1988 two year limited contract employing her as an assistant nurse, that this employment contract was authorized by the Rock Hill Local School District Board of Education at a special meeting held on April 21, 1988, and that Ron Steed, appellant's husband, was a member of the board of education when it unanimously approved the employment contract. Appellees' amended complaint further averred that Ron Steed had a pecuniary interest in appellant's employment contract, that the employment contract was void pursuant to R.C. 3313.33, R.C. 3319.21, and R.C. 2921.42(A) (1), and prayed that the contract be declared void and that the other defendants be permanently enjoined from further paying appellant pursuant to the void employment contract. Appellant and the other defendants subsequently filed answers to appellees' amended complaint which denied that the employment contract was void.

On April 7, 1989, a deposition of appellant was taken at which she testified that she had been married to Ron Steed for almost twenty-two years, that they had three children, that Ron Steed had been a member of the Rock Hill Local School District Board of Education for four years, and that she was employed as an assistant school nurse for the Rock Hill Local School District pursuant to a June 24, 1988 two year limited contract of employment. Appellant further stated that the money she received from her employment contract was spent on her car payment, her student loan, clothing, groceries, and recreational activities for herself and the children. Appellant admitted that her salary went towards groceries and some of the children's needs that would otherwise have to be paid out of her husband Ron Steed's salary.

The parties filed motions for summary judgment, and on October 13, 1989, the trial court issued findings of fact and conclusions of law. The trial court determined that appellant was the wife of Ron Steed, that Ron Steed was a member of the Rock Hill School District Board of Education when appellant's employment contract was approved, and that Ron Steed had a pecuniary interest in the contract of appellant. The trial court concluded that appellant's employment contract was void pursuant to R.C. 3319.21 and that the Rock Hill Local School District Board of Education and its treasurer would be permanently enjoined and restrained from paying appellant pursuant to the void employment contract. On October 17, 1989, the trial court entered summary judgment in favor of appellees.

Appellant's first assignment of error asserts that the trial court erred in ruling that the contract between appellant and the Rock Hill Local School District Board of Education was void as being in violation of R.C. 3319.21 and appellant's second assignment of error asserts that the trial court erred in ruling that Ron Steed had a pecuniary interest in appellant's employment contract. In that appellant's assignments of error raise similar issues of law and fact, they shall be considered jointly.

R.C. 3319.21 provides, in pertinent part, as follows:

"Whenever a local director or member of a board of education votes for or participates in the making of a contract with a person as a teacher or instructor in a public school to whom he is related as father, brother, mother, or sister, or acts in any matter in which he is pecuniarily interested, such contract, or such act in such matter, is void."

As admitted by appellees, R.C. 3319.21 does not act as a *per se* bar from employment contracts involving the spouse of the board of education member. *See, e.g., Zaleski School Dist. Bd. of Ed. v. Beal* (1922), 104 Ohio St. 428, holding that pursuant to R.C. 3319.21's statutory predecessor, G.C. 12932, a member of the school board was not statutorily proscribed from participating in the election of his wife as a teacher. Appellees argue, however, that based upon appellant's deposition testimony, Ron Steed was "pecuniarily interested" in his wife's employment contract as an assistant nurse.

The phrase "pecuniarily interested" is not defined in R.C. Chapter 3319. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. R.C. 1.42; *State v. Cravens* (1988), 42 Ohio App. 3d 69, 72. A "[p]ecuniary interest" is

a "direct interest related to money in and action or case." Black's Law Dictionary (5 Ed. 1979), p. 1018. Neither R.C. 3319.21 nor R.C. 3313.13's proscription of a board of education member's voting on something he has a pecuniary interest in, is violated by the indirect benefit Ron Steed received from his wife's employment. See, e.g. 1962 Ohio Atty. Gen. Ops. No. 2855. In *In Re: Removal of Ron Steed* (July 27, 1989), Lawrence App. No. 1909, unreported,[2] this court stated, in a related case, albeit in *dicta*, that the indirect benefit received by Ron Steed from his wife's employment did not constitute a pecuniary interest and was not violative of either R.C. 3319.21 or R.C. 3313.33. We now hold that to be the case.

Moreover, R.C. 3319.21 is applicable to voting on positions for teachers or instructors. *See, e.g.* 1932 Ohio Atty. Gen. Ops. No. 4635. In that appellant was not employed as either a teacher or instructor, the trial court erred in holding that R.C. 3319.21 rendered appellant's employment contract void.

Moreover, although the trial court did not rely on the other statutory provisions that appellees alleged were violated, i.e., R.C. 3313.33 and R.C. 2921.42(A) (1), to support its entry of summary judgment herein, it is manifest that neither provision unlike R.C. 3319.21, provides as a remedy for a violation thereof, the declaration that the employment contract is void. Accordingly, for the foregoing reasons, appellant's assignments of errors are sustained, and the judgment of the trial court is reversed. Since appellant is entitled to judgment as a matter of law on her motion for summary judgment, judgment is entered in her favor pursuant to App. R. 12(C).

*Judgment reversed.*

GREY, J., Concurs in Judgment and Opinion.
ABELE, J., Concurs in Judgment and Opinion.
HARSHA, J., Concurs in Judgment and Opinion.

_____
[1] A review of the record indicates the complaint is a taxpayers action to prevent the allegedly illegal expenditure of county funds. The complaint does not allege that a written demand to pursue the action was made upon and refused by the prosecuting attorney. See R.C. 309.13. However, the issue of standing was not raised below, and accordingly, we need not address it.

[2] In *Removal of Ron Steed*, Lawrence App. No. 1909, the issue was whether Ron Steed's actions, as a member of the Board of Education, in voting to approve his wife, Alvin Steed's limited assistant school nurse contract, constituted "misconduct" by Ron Steed in office. Although we denied leave to appeal, *in dicta*, we noted that Steed was guilty of violating R.C. 2921.42(A) (1), a criminal statute, which proscribes public officials from employing members of his family as part of securing a public contract and that this constituted the requisite "misconduct" to remove him. However, we also held that Ron Steed's conduct *did not* violate either R.C. 3319.21 or 3313.33 in that he had no "pecuniary interest" in his wife's employment.

In this instant appeal, Lawrence App. No. 1931, the issue is whether Alvin Steed's employment contract, approved by her husband as part of a unanimous five to zero vote, was void. Although appellees' (taxpayers') complaint claimed that the contract was void pursuant to R.C. 3319.21, 3313.33 and 2921.42(A) (1), their motion for summary judgment as well as the trial court's judgment only relied on R.C. 3319.21. The apparent reason for doing so is that only a violation of R.C. 3319.21 results in such a contract being void; the violation of R.C. 3313.33 and 2921.42(A) (1) do not provide for that remedy.