Lorain, Medina, Summit
and Wayne Counties
Hon. John W. Reece, P.J., Hon. William R. Baird,
Hon. Mary Cacioppo, Hon. Joseph E. Cirigliano,
Hon. Daniel B. Quillin

---

**State v. Brown**
*[Cite as 4 AOA 331]*

*Case No. 14375*
*Summit County, (9th)*
*Decided June 7, 1990*

*Gabrielle Manus, Assistant Prosecutor, City Country Safety Bldg., Akron, Ohio 44308, for Plaintiff.*

*Augustin F. O'Neil, Attorney at Law, 529 Society Bldg., Akron, Ohio 44308, for Defendant.*

*Karl D. Kammer, Attorney at Law, 1020 Leader Bldg., Cleveland, Ohio 44114, for Defendant.*

*Winston Grays, Attorney at Law, 1100 Superior #1414, Cleveland, Ohio 44114, for Defendant.*

REECE, P.J.

Defendant-appellant, Johnny Brown, was arrested for aggravated trafficking. Brown filed an affidavit of indigency and was appointed counsel by the trial court. After a jury trial, Brown was found guilty and sentenced. As part of the sentence, Brown was assessed a fine of two thousand dollars. Brown appeals.

*ASSIGNMENT OF ERROR*

"Whether an indigent criminal defendant with assigned counsel *must* file a new affidavit prior to sentencing alleging his inability to pay a mandatory fine pursuant to R.C. 2925.03(L) to prevent the court from imposing the mandatory fine, if the court determines that the offender is an indigent (sic) person is unable to pay the fine."

Brown contends that he should be considered indigent for the purposes of sentencing because he was already found to be indigent by the trial court for purposes of appointment of counsel. R.C. 2925.03(H) (3) provides:

"* * *.

"(3) If the offense is trafficking in marihuana and a violation of division (A)(2), (3), or (4) of this section, or if the offense is trafficking in drugs and a violation of division (A)(2) of this section, the court shall impose a mandatory fine of two thousand dollars and, if the offender has previously been convicted of a felony drug abuse offense, the court shall impose a mandatory fine of four thousand dollars.

"* * *."

Additionally, R.C. 2925.03 (L) provides:

"* * *.

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges in an affidavit filed with the court prior to sentencing that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine."

Accordingly, the trial court may not suspend or reduce the mandatory fines required by R.C. 2925.03(H) except when the court determines that the offender is indigent and unable to pay the fine. *State v. Cravens* (1988), 42 Ohio App. 3d 69, 73. Brown filed an affidavit of indigency and was appointed counsel at the beginning of his case.

Crim. R. 44(D) provides:

"*Assignment procedure.* The determination of whether a defendant is able or unable to

obtain counsel shall be made in a recorded proceeding in open court."

The right to the assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. The entitlement depends not upon whether the accused ought to be able to employ counsel, but whether he is in fact "unable to employ counsel." *State* v. *Tymcio* (1975), 42 Ohio St. 2d 39, paragraph one of the syllabus.

There is a clear distinction between an affidavit of indigency for the appointment of counsel and an affidavit filed with the court prior to sentencing which states that an offender is indigent and is unable to pay the mandatory fine. A person may not be able to obtain counsel, but may be able to pay the mandatory fine.

*Judgment affirmed.*

QUILLIN, J., and BAIRD, J., concur.