**CITY OF AKRON, Appellant,**

**v.**

**SMITH, Appellee.** ■

[Cite as *Akron v. Smith* (1992), 82 Ohio App.3d 57.]

Court of Appeals of Ohio,
Summit County.

No. 15424.

Decided July 8, 1992.

Cacioppo, J., filed opinion dissenting in part.

58

---

*Suzanne L. Stephens,* Assistant Prosecuting Attorney, for appellant.

*Richard Sternberg,* for appellee.

REECE, Judge.

This appeal by plaintiff-appellant, city of Akron, questions whether the Akron Municipal Court properly sentenced defendant-appellee, Roger Smith, after finding him guilty on October 31, 1991 of failing to adequately secure a pit bull terrier, Akron Codified Ordinance ("ACO") 92.25(E)(5), and allowing the animal to go unconfined on the premises of another, ACO 92.25(E)(7).[1] On November 1, 1991, Smith was ordered, in respect to the first count, to pay $500 plus costs. The trial judge refused to ban the pit bull from the city since Smith was not the owner of the animal. As for the second count, Smith was again fined $500 but was permitted to work off this penalty by performing fifteen days of community services.

 The city has perfected the instant appeal, pursuant to R.C. 2945.-67(A), which has been allowed by leave of this court.[2] A single assignment of error has been raised.

### Assignment of Error

"The Akron Municipal Court erred by not imposing the mandatory sentence as provided by Akron City Code Section 92.99(I)."

 The General Assembly holds the exclusive power to prescribe punishment for crimes committed within this state. See *State v. O'Mara* (1922), 105 Ohio St. 94, 136 N.E. 885, paragraph one of the syllabus; 25 Ohio Jurisprudence 3d (1981) 100, Criminal Law, Section 6. Mandatory penalties may be established in accordance with this authority. *State v. Bonello* (1981), 3 Ohio App.3d 365, 367, 3 OBR 428, 430, 445 N.E.2d 667, 670.

 The Home Rule Amendment permits municipalities to enforce police regulations within their limits. Section 3, Article XVIII, Ohio Constitution. Pursuant to R.C. 715.67, the General Assembly has authorized municipal corporations to impose misdemeanor punishments for violations of local ordinances.

In accordance with this delegation, the Akron City Council has enacted ACO 92.99(I), which declares:

---

1. Smith was also found to have violated the general prohibition against allowing dogs to roam at large within city limits, ACO 92.25(B)(1), but was not sentenced for this offense.

2. We note that the prosecution generally enjoys a qualified right to appeal a trial judge's failure to impose a mandatory sentence. *State ex rel. Cleveland v. Calandra* (1980), 62 Ohio St.2d 121, 16 O.O.3d 143, 403 N.E.2d 989. Moreover, the correction of an invalid sentence does not violate constitutional prohibitions against double jeopardy. *Bozza v. United States* (1947), 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818, 821–822.

"Any person owning, keeping, possessing, harboring, maintaining, or having the care, custody, or control of a pit bull who is convicted of or who pleads guilty to any violation under Section 92.25(E)(1) through (10) shall be subject to a mandatory nonsuspendable fine of $500 and said dog shall be banned from the City of Akron."

The issues we must resolve are whether the municipal judge could legally (1) refuse to ban the dog from the area, and (2) allow Smith to satisfy the mandatory nonsuspendable fine through community service.

Addressing this first question, ACO 92.99(I) unequivocally instructs that the pit bull terrier "shall" be removed from this jurisdiction. This term squarely imposes an obligatory burden on the court, leaving no room for discretion. See Black's Law Dictionary (6 Ed.1990) 1375. Pursuant to the plain language employed, the animal is to be removed—even if its owner was not convicted of a crime—so long as any person "keeping, possessing, harboring, maintaining, or having the care, custody, or control" of the pit bull violates ACO 92.25(E).

In *Toledo Mun. Court v. State ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, the Supreme Court declared in paragraph three of the syllabus that:

"The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." See, also, *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph one of the syllabus.

Both R.C. 2929.51 and ACO 130.16 permit courts to modify certain sentences in their discretion. See *State v. Air Clean Damper Co.* (1990), 63 Ohio App.3d 656, 579 N.E.2d 763. However, these provisions are specifically directed to terms of "imprisonment" and assessments of "fines." Smith does not suggest there exists, and we are unable to locate, any precise legislative authorization for the suspension of a directive to remove a dangerous animal from city limits. The municipal judge therefore erred by refusing to impose this sanction.

Turning to the second issue, Smith has made no attempt to justify the trial court's treatment of the $500 fine. Without question, local courts have been delegated general authority to modify such penalties by ACO 130.16(C), which states:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may:

"(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender;

"(2) Permit payment of all or any portion of the fine in installments, or by such other method and in such time and on such terms as the court considers just, except that the maximum time permitted for payment shall not exceed two years."

This enactment is substantially similar to R.C. 2929.51(F).

Regardless, the city council has explicitly declared that the fine to be imposed pursuant to ACO 92.99(I) is "mandatory" and "nonsuspendable." This specific and unequivocal language supersedes the general authorization to modify sentencing requirements. *State v. Cravens* (1988), 42 Ohio App.3d 69, 73, 536 N.E.2d 686, 690. In a case such as this, where no claim of indigency is made and there has been no showing of an inability to pay, the trial judge has no discretion to alter the penalty imposed by the city council. The court erred by allowing Smith to work off the $500 fine.

This assignment of error is sustained. The judgment of the municipal court is reversed and vacated. This case is remanded for a reimposition of sentencing consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, J., concurs.

CACIOPPO, J., dissents in part.

CACIOPPO, Judge, dissenting in part.

I agree that the municipal judge erred by refusing to order the removal of the pit bull from city limits. In my view, however, the court was justified in allowing Smith to perform community services as an alternative to paying the $500 fine.

By designating the penalty as "nonsuspendable," the Akron City Council clearly rendered ACO 130.16(C) inapplicable. Be that as it may, the municipal judge was still free to invoke the analogous Ohio law. That provision declares:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may:

"(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender;

"(2) Permit payment of all or any portion of the fine in installments, or by any other method and in any time and on any terms that the court considers

just, except that the maximum time permitted for payment shall not exceed two years." R.C. 2929.51(F).

This subsection is broadly drafted and does not appear on its face to be limited to fines imposed pursuant to violations of state law. The city of Akron may not, consistent with Section 3, Article XVIII of the Ohio Constitution, impair a decree of the General Assembly. See *Cleveland v. Betts* (1958), 168 Ohio St. 386, 388, 7 O.O.2d 151, 152, 154 N.E.2d 917, 918.

While serving a laudable objective, the penalty provision of the pit bull ordinance is ill-conceived. It should be noted that the utility of mandatory sentencing has been widely criticized. See, generally, Campbell, Law of Sentencing (2 Ed.1991) 80–83, Section 4:5. At least when the General Assembly has imposed such inflexible penalties, allowances have been made to accommodate indigent defendants. See, *e.g.*, R.C. 2925.03(L). By failing to supply any express alternatives to the $500 fine, ACO 92.99(I) potentially runs afoul of R.C. 2929.22(F), which declares:

"The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

While the issue is not presently before this court, I seriously doubt that an indigent offender of the pit bull ordinance could be incarcerated for failure to pay the mandatory $500 fine. *Williams v. Illinois* (1970), 399 U.S. 235, 241–242, 90 S.Ct. 2018, 2022–2023, 26 L.Ed.2d 586, 592–594. Unless alternatives are recognized, it is therefore likely that many violators will escape this penalty.

Municipal ordinances should be construed in a manner consistent with the general laws of Ohio. See *Montalto v. Yeckley* (1941), 138 Ohio St. 314, 321, 20 O.O. 379, 381, 34 N.E.2d 765, 768. Furthermore, a strong presumption exists against any interpretation which produces unreasonable or absurd consequences. See *Canton v. Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566, paragraph four of the syllabus. Given these standards, I would hold that the trial judge has discretion to substitute the fine required by ACO 92.99(I) with an alternative sanction of comparable severity. The city counsel's demand for a "mandatory nonsuspendable" penalty is fully satisfied when a similar, albeit modified, punishment is proscribed to fit the particular circumstances involved. See *Wadsworth v. Slanker* (1983), 10 Ohio App.3d 300, 302, 10 OBR 475, 477, 462 N.E.2d 191, 193.