The STATE of Ohio, Appellee,

v.

**BURKE, Appellant.**

[Cite as *State v. Burke* (1993), 91 Ohio App.3d 514.]

Court of Appeals of Ohio,
Gallia County.

No. 92 CA 05.

Decided Nov. 9, 1993.

*Douglas M. Cowles,* Gallipolis City Solicitor, for appellee.

*Bennett & Wallen* and *James A. Bennett,* for appellant.

---

GREY, Judge.

This is an appeal from the Gallipolis Municipal Court. In 1984, Russell Burke was found guilty of drunk driving, sentenced and fined. He was ordered to pay his fine in installments. He didn't make the required payments and, in 1991, was ordered to appear and show cause under penalty of contempt. The court found he owed $963 and ordered him to begin making payments. We reverse and remand.

It appears that on March 19, 1984, Burke pleaded guilty to violating R.C. 4511.19, driving under the influence, case No. 84TRC1256. He was fined $300 and costs, sentenced to twelve months in jail with eleven months suspended, and placed on probation for eighteen months. He was permitted to pay his fine in installments, pursuant to R.C. 2929.51(F)(2). The record shows he made some of the payments but stopped in January 1993, with $78 remaining unpaid.

From the record before us it appears Burke had previous outstanding traffic fines for case Nos. 79TRC3489, 79TRC3492 and 79TRC3187. The payment sheet covering these cases shows an outstanding balance of $569.

In October 1991, the court ordered Burke to appear and show cause why he should not be held in contempt for failing to pay his fines. He appeared and said he was retired, had been in prison, his health was failing and he could not afford to pay them. The court found he owed $906 and ordered him to pay $25 per month.

He timely filed a notice of appeal and assigns the following errors.

First Assignment of Error:

"On November 4, 1991 the Court was without jurisdiction to enforce terms of probation by instituting a contempt proceeding against the Defendant who was sentenced on March 19, 1984 and was placed on eighteen months probation."

██  In his first assignment of error, Burke argues that when the probation period ended the court lost jurisdiction to enforce its prior order. We disagree.

██  The General Assembly holds the exclusive power to prescribe punishment for crimes committed within this state. See *State v. O'Mara* (1922), 105 Ohio St. 94, 136 N.E. 885; 25 Ohio Jurisprudence 3d (1981) 100, Criminal Law, Section 6. Mandatory penalties may be established in accordance with this authority. *State v. Bonello* (1981), 3 Ohio App.3d 365, 3 OBR 428, 445 N.E.2d 667. R.C. 2929.51 permits courts to modify certain sentences at their discretion. See *State v. Air Clean Damper Co.* (1990), 63 Ohio App.3d 656, 579 N.E.2d 763. These provisions are specifically directed to terms of "imprisonment" and assessments of "fines."

R.C. 4511.99 prescribes the penalties for violating R.C. 4511.19, drunk driving, and requires both a fine and imprisonment. While both penalties are to be levied, they are separate and distinct court orders. While the court no longer has jurisdiction to enforce the terms of probation, R.C. 2951.07, it can still require payment of the fine. In *Akron v. Smith* (1992), 82 Ohio App.3d 57, 611 N.E.2d 435, the Ninth District quoted *Toledo Mun. Court v. State ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus, and noted that:

" 'The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' " *Akron*, 82 Ohio App.3d at 60, 611 N.E.2d at 437. See, also, *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198.

██  Where the legislature has mandated a fine for violation of the drunk driving statutes, the court lacks authority to alter it absent provisions from the legislature. Fines can be reduced upon a finding of indigency, see *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686, and may be partially or totally suspended, R.C. 2929.51(F)(2) commentary, and sentences may be ameliorated through probation. This leads us to Burke's second assignment of error.

Second Assignment of Error:

"The court was without authority to collect a fine and costs from the defendant after the expiration of two years from the original order of the court."

Burke argues that R.C. 2929.51(F)(2) should be interpreted to limit the fine payment provisions of R.C. 2929.51(F)(2) to two years and, after the two-year period has run, there can be no further authority to compel payment.

"The interpretation of a statute is the determination of what the statute means. The interpretation starts and ends with the words chosen by the legislature, but it is not limited to the words alone, because the whole context of the enactment must be considered.

"The process of interpretation requires (1) a decision about the purpose to be attributed to the statute and (2) a decision about the meaning of the legislature's words that will carry out that purpose. The words have a double function: They serve as guides to discovery of the purpose, and they serve as limitations on the extent of the statute's applications. The words must be taken in their usual, normal or customary meaning." *Cravens,* 42 Ohio App.3d at 72, 536 N.E.2d at 689.

R.C. 2929.51(F)(2) reads:

"(F) At the time of sentencing and after sentencing, when a fine is imposed, the court may:

" * * * *

"(2) Permit payment of all or any portion of the fine in installments, or by any other method and in any time and on any terms that the court considers just, except that the maximum time permitted for payment shall not exceed two years."

The purpose of R.C. 2929.51(F)(2) is to permit the violator of a statute to order his financial affairs while retaining the punitive effect of a fine. "Permit" means "to allow; to tolerate; to agree; to afford opportunity for; to grant permission; to give leave." Webster's Encyclopedic Unabridged Dictionary of the English Language (1989) 1073. Our interpretation of R.C. 2929.51(F)(2) is that the court has authority to let the violator pay his fine over a period of time rather than requiring payment in full when the fine is levied. We find no authority which places an affirmative duty on the court to hunt down and collect each payment. We believe this would subvert the clear intention of R.C. 2929.51(F)(2) because, to avoid the additional workload, courts could require that all fines be paid in full.

Our review of the record shows the court placed Burke on probation for eighteen months. One of the terms of probation was that he pay his fine. As such, we believe it was well within the contemplation of the court that Burke would pay his fine within the eighteen-month probation period. Furthermore, the record shows that Burke was to pay $25 per week which means his fine would have been paid off well within the time prescribed by statute.

We find nothing in R.C. 2929.51(F)(2) which states that the court must collect the fine within the two-year period but merely that it is authorized to accept payments in lieu of one lump sum. When initiating a payment plan, the court is authorized to grant sufficient time, up to two years, so that the payments will not work an undue hardship on the convicted party.

Burke's first and second assignments of error are not well taken and are overruled.

Third Assignment of Error:

"The court's finding that the defendant owes a fine and cost of $906.00 is against the manifest weight of the evidence."

In his third assignment of error Burke argues that there is no evidence to show an outstanding balance of $906.

In *State v. Thomas* (1982), 70 Ohio St.2d 79, 79–80, 24 O.O.3d 150, 151, 434 N.E.2d 1356, 1357, the court wrote:

"It is emphasized that an appellate court may not reverse the judgment of conviction unless reasonable minds could not fail to find reasonable doubt of the defendant's guilt. It is fundamental that the weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts.  * * * "

In *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus, the court held:

"A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."  (Citation omitted.)

The record contains sheets pertaining to various violations. One sheet shows an outstanding balance of $78 and the other shows an outstanding balance of $569. It would appear that the court arrived at its aggregate figure of $906 by combining the amounts due on several cases. The amount due in this case, No. 84TRC1256, according to the record before us, is $78. To that extent, the trial court may have erred in ordering payment on $906 in this case. On the other hand, it also appears from the record that there is still due and owing the sum of $569 in case No. 79TRC3187, and that other cases such as case Nos. 79TRC3489 and 79TRC3492 may be involved. This matter is further complicated by the fact that the order appealed from in this case, dated November 4, 1991, does not actually state the amount due.

In the statement in lieu of transcript, the court does indicate that the aggregate due is $906, but it does not apportion it to each of the cases. To that extent, we find error. Burke's third assignment of error is well taken and is sustained.

This cause is remanded to the trial court to permit it to put on an entry of the amount due in each case, and to permit appellant to challenge the amount in each case if he chooses to do so. Nothing in this opinion should be construed to prevent the trial court from enforcing its judgment in each case, or in the aggregate.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

STEPHENSON, J., dissents in part.

STEPHENSON, Judge, dissenting in part.

I agree with the majority opinion in its cogent analysis and disposition of the first and second assignments of error. However, I would overrule the third assignment of error and affirm the judgment of the lower court. My reasons are as follows.

Appellant was cited and ordered to appear and show cause why he should not be held in contempt *only in traffic case No. 84TRC1256.* The judgment being appealed herein was entered *only in that same traffic case.* There is no indication in the record that appellant was ever ordered to appear and show cause with respect to an unpaid fine in any other traffic case. Thus, the issue does not appear to have been properly before the lower court and should not be considered by us at this time. The ledger/records maintained by the court below indicate that only $78 remains to be paid on the fine originally levied in traffic case No. 84TRC1256. This is, in my opinion, sufficient evidence to support any judgment to the effect that appellant still owes $78.

However, no such judgment was *expressly* entered by the court below. The journal entry filed November 4, 1991, specifies only that appellant is to pay $25 per month beginning December 6, 1991, to pay off his remaining fine(s) and costs. There is no mention whatsoever of any balance, or sum total, of fines and costs owing in either traffic case No. 84TRC1256 or in all traffic cases combined. For this reason, appellant's third assignment of error is without merit. The trial court made no finding in its judgment of November 4, 1991, that appellant owed $906 and, therefore, such a judgment could not be against the manifest weight of the evidence. I am aware that an App.R. 9(C) "statement of evidence" was filed below which indicates, *inter alia,* that "[t]he [c]ourt took notice that * * * [appellant] still owed a balance of $906.00 * * *." However, that statement of evidence was made a part of the record in lieu of a transcript of proceedings. I

would also point out that any notice taken by the court of $906 due in fine(s) and costs was not carried over into the final judgment entry.

It is well settled that a court speaks only through its journal entry and not by oral pronouncement. See *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 338, 492 N.E.2d 146, 148, at fn. 3; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, at paragraph one of the syllabus. Remarks or comments made during court but not carried over into the judgment are, ordinarily, disregarded. See *Howard v. Wills* (1991), 77 Ohio App.3d 133, 140, 601 N.E.2d 515, 519, at fn. 5. There is no indication in the record that this notation of $906 being payable was anything more than an off-hand remark about other fines in other cases which may be due. Considering that the proceedings below were initiated only in traffic case No. 84TRC1256, and given the inherent problems which would ensue if a finding of contempt or some other adjudication were entered against appellant in some other traffic case without giving him notice and an opportunity to respond, I would strictly interpret that judgment as ordering only monthly payments of $25 on the remaining fine in traffic case No. 84TRC1256 (*i.e.*, $78). The court, in other words, entered no finding that $906 remained due and payable thereon. The third assignment of error is without merit and should be overruled.

Thus, I respectfully dissent on this issue.