**Campbell v. DeWitt**
*[Cite as 7 AOA 485]*

*Case No. 88-T-4121*
*Trumbull County, (11th)*
*Decided October 19, 1990*

*Frank R. Bodor, 157 Porter N.E., Warren, Ohio 44483, for Plaintiff-Appellant.*

*Curtis J. Ambrosy, The First Place, Suite 300, 159 East Market Street, Warren, Ohio 44481, for Defendant-Appellee.*

FORD, J.

On July 16, 1983, at approximately 10:00 p.m., appellant, Herbert Campbell, was injured when the tractor which he was operating was

struck from behind by a vehicle driven by appellee, Elwood DeWitt. Appellant brought suit to recover for injuries sustained as a result of the accident. At the conclusion of a jury trial, a verdict was returned for appellee. As part of the verdict, the jury found that appellee did not "operate his vehicle negligently to cause the accident ***."

Appellant brought this appeal in a timely fashion based upon the following two alleged errors:

"1. The trial court abused its discretion and committed prejudicial error in sustaining a motion to allow defendant to amend, change and refute, during the cross-examination of the defendant before the jury, formal admissions made by him pursuant to Rule 36 of the Ohio Rules of Civil Procedure.

"2. The trial court committed prejudicial error in charging the jury on comparative negligence and that plaintiff was negligent as a matter of the law for failure to display a red light or lantern on the brush-hog attached by a hydraulic lift hitch to the farm tractor driven by plaintiff."

In the first assignment, appellant argues that the court erred by permitting appellee to amend an answer to a request for admissions. We find this argument to be without merit.

In October of 1986, pursuant to discovery, both parties were deposed. Appellant also sent a request for admissions to appellee in March of 1988, which were answered on July 22, 1988. In response to the request for admission, appellee's responses, which were made by appellee's counsel and not seen by appellee, were as follows:

"1g.) At the time of the collision the tractor driven by Plaintiff, Herbert Campbell, had two (2) yellow lights flashing.

"Admit.

"***

"1i.) At the time of the collision the tractor driven by the Plaintiff, Herbert Campbell [*sic*] had a red tail light burning on the rear of the tractor.

"Admit."

Appellant did not offer the request for admission as direct evidence in the case in lieu of testimony. Rather, when appellant called appellee as his first witness on cross-examination, appellee denied seeing the yellow flashing lights, but, stated that he only recalled seeing the white lights. (The denial was consistent with appellee's testimony elicited at his deposition prior to trial.) After this line of questioning had continued for some time, counsel attempted to admit the request for admissions in an effort to impeach the testimony of appellee.

At that juncture, counsel for appellee moved to amend the response. A sidebar conference then took place, and the court questioned appellant's counsel regarding the prejudicial impact of permitting such an amendment. During this colloquy, appellant's counsel indicated he was aware of appellee's statement contained in his deposition. Further, he was afforded the opportunity to question the witness on this subject. Counsel also stated, "[f]rom a standpoint of witnesses, I could not have done anything differently ***." Further conversation demonstrated that appellant's counsel would not have altered his trial tactics either, but for the fact of showing inconsistencies in appellee's testimony.

The court permitted the amendments to the request for admissions. The court stated "the plaintiff in this cause of action has not satisfied the court that it would prejudice [appellant to permit the amendment.] *** I fail to see how plaintiff cannot maintain his action nor how his evidence would change ***." Civ. R. 36(B) provides:

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing modification of a pretrial order, *the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.* Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding." (Emphasis added.)

Thus, the decision to allow an amendment to an admission rests within the sound discretion by the trial court. Absent a showing that the "court's attitude [was] unreasonable, arbitrary or unconscionable," no error will be found by a reviewing court. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217.

In *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St. 3d 66, 67, the court noted:

"Any matter admitted under Civ. R. 36 is conclusively established unless the court on

motion permits withdrawal or amendment of the admission. Civ. R. 36(B). The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson v. Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O. 3d 329], paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."

The court indicated that the objecting party bears the onus of demonstrating the prejudicial impact of permitting a withdrawal or amendment of an admission.

In this cause, the record is devoid of any such showing. In fact, during sidebar, appellant's counsel expressly indicated that aside from the timing (during trial ) his strategies and tactics would not have changed but for the tactics regarding additional impeachment of the witness concerning inconsistencies in his testimony and other statements. As such, no prejudice was shown, and the trial court did not abuse its discretion by permitting the amendments.

Furthermore, counsel sought to utilize the admissions as "one inconsistency" in appellee's testimony. His motivation was one of impeachment. However, this was not the sole means of attempting to impeach this witness regarding inconsistencies in his testimony which was utilized here. Finally, his failure to move for admission prior to the examination of appellee on this subject confirms this trial strategy and diminishes any alleged prejudice.

This assignment is overruled.

In the second assignment, appellant argues the court erred in instructing the jury that appellant was required to display a red light or lantern at the rear of the brush hog. Specifically, the judge indicated that as a matter of law, that plaintiff was negligent for failing to display an appropriate light on the rear of the brush hog. However, he concluded "[w]hether or not that negligence proximately caused his own injuries or damages is still a matter for you to determine."

R.C. 4513.09 provides:

"Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle, there shall be displayed at the extreme rear end of the load, at the times specified in section 4513.03 of the Revised Code, a red light or lantern plainly visible from a distance of at least five hundred feet to the sides and rear. The red light or lantern required by this section is in addition to the red rear light required upon every vehicle. At any other time there shall be displayed at the extreme rear end of such load a red flag or cloth not less than sixteen inches square."

Both parties concede that the brush hog extended beyond four feet from the tractor, and that it did not have the red light on it. Additionally, testimony by appellant indicated that the brush hog is not an independent vehicle or wagon pulled by the tractor, but rather attached to the tractor by a hydraulic lift and essentially carried by the tractor.

R.C. 4513.02(G) provides:

"Sections 4513.01 to 4513.37 of the Revised Code, with respect to equipment on vehicles, do not apply to implements of husbandry, road machinery, road rollers, or agricultural tractors except as made applicable to such articles of machinery."

The general guidelines for judicial interpretation of a statute were recently restated in *State v. Cravens* (1988), 42 Ohio App. 3d 69, paragraphs one and two of the syllabus.

"The interpretation of a statute is the determination of what the statute means. The interpretation starts and ends with the words chosen by the legislature, but it is not limited to the words alone, because the whole context of the enactment must be considered.

"The process of interpretation requires (1) a decision about the purpose to be attributed to the statute and (2) a decision about the meaning of the legislature's words that will carry out that purpose. The words have a double function: They serve as guides to discovery of the purpose, and they serve as limitations on the extent of the statute's applications. The words must be taken in their usual, normal or customary meaning."

In construing the provisions at issue, it is apparent that under R.C. 4513.02(G) the legislature made the flag or light requirements of R.C. 4513.09 inapplicable to "agricultural tractors" unless another provision would once again bring such machinery within the provision's purview.

As a general rule of construction, when a provision specifies that certain other sections shall not apply, then that provision must be read as an express exception to the statute. 85

488

Ohio Jurisprudence 3d (1988) 349-50, Statutes, Section 317. Moreover, it is a well-established principal of statutory construction that specific provisions prevail over conflicting general statutes. *State v. Chippendale* (1990), 52 Ohio St. 3d 118.

Appellant's tractor and brush hog unit falls squarely within the definition of "agricultural tractor," R.C. 4511.01(J), which states:

"'Agricultural tractor' means every self-propelled vehicle designed or used for drawing other vehicles or wheeled machinery but *having no provision for carrying loads independently of such other vehicles,* and used principally for agricultural purposes." *(Emphasis added.)*

Based upon the foregoing, appellant's tractor is expressly excluded from the flag or light requirements of R.C. 4513.09. As such, the question becomes whether any other statutory provision creates an "exception to the exception" which would separately impose the flag or light requirements on appellant's brush hog unit. Rhetorically, the answer to this interrogatory is a negative one.

R.C. 4513.11(D) provides in pertinent part, " [n]o person *** shall *** operate any farm machinery *** except those units designed to be completely mounted on a primary power unit ***, unless the vehicle is equipped with a slow moving vehicle emblem ***." It is apparent that this section of the Code is designed to cover independent loads other than those similar to appellant's which are "designed to be completely mounted on a primary power unit."

The purpose of excepting integrated tractor/brush hog units from the additional emblem, flag and lantern requirements, although initially enigmatic, is clear when viewed in the context of the entire pertinent statutory scheme. Integrated units, like the one driven by the appellant, appear to present much less of a safety risk than vehicles carrying *independent loads* by way of legislative analysis and pronouncement. Implements mounted on the primary power unit, like brush hogs, discs, balers, and manure spreaders, frequently do not extend as far as vehicles carrying independent loads; are less likely to obstruct the lights of the primary unit; and are not used for transport.

For those who take umbrage with the tenor and analysis in this court's opinion with respect to its interpretation of the foregoing statutory provisions, we suggest that any greater uniformity of lighting requirements for any and all implements, vehicles, or loads motivated by salutary safety concerns should be achieved through prospective legislation and not judicial extrapolation.

With this predicate in mind, we conclude that the trial court's instruction that appellant was negligent as a matter of law was erroneous.

Appellant 's second assignment of error is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MAHONEY, P.J., and PRYATEL, J., concur.

PRYATEL, J., sitting by assignment.