HEIDELBERG COLLEGE *v.* DEPEW.

(No. 86-CVF-101—Decided
May 6, 1988.)

Tiffin Municipal Court.

*Arthur W. Zeiher,* for plaintiff.
*Dale Depew, pro se.*

DANIEL, J. This matter came on to be heard upon the plaintiff's citation of the defendant for contempt. The court finds that judgment upon a contractual debt was filed on December 26, 1986, in favor of the plaintiff and against the defendant in the amount of $4,409.88, and that said judgment was allowed to be paid in installments by order filed on March 16, 1987. The plaintiff alleges by affidavit filed May 5, 1988, that the defendant is in contempt of the court's order of March 16, 1987, for failure to make the installment payments.

This court will not conduct a contempt hearing if it does not have the authority to punish a contemnor with imprisonment. To imprison the defendant in this case would violate Section 15, Article I of the Ohio Constitution, which reads:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

It is clear that this constitutional prohibition applies to judgments arising out of a breach of contract. Paragraph one of the syllabus of *Second Natl. Bank of Sandusky* v. *Becker* (1900), 62 Ohio St. 289, 56 N.E. 1025, states:

"Money obligations arising upon contract, express or implied, and judgments rendered thereon, are debts within the purview of section 15 of the Bill of Rights, which forbids imprisonment for debt in civil actions."

Since the court may not punish the defendant with imprisonment should he be found in contempt, a fine would be counterproductive to the plaintiff's efforts to collect, and the law provides other methods of collecting judgments, the plaintiff's contempt citation is overruled. Because the court previously overruled an earlier request by the plaintiff for the same relief, the costs of this proceeding shall be paid by the plaintiff.

*Judgment accordingly.*