**In re BUFFINGTON.**

[Cite as *In re Buffington* (1993), 89 Ohio App.3d 814.]

Court of Appeals of Ohio,
Huron County.

No. H–92–46.

Decided Aug. 6, 1993.

*Russell V. Leffler* and *Gregory Shell,* for appellant.

*Curtis J. Koch* and *Charles Derby,* for appellee.

*Per Curiam.*

This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, wherein the court found appellant, Patti Buffington, n.k.a. Brown, in contempt of court for failing to pay court costs.

On May 27, 1986, appellant was found to be an unruly child by the Juvenile Court of Huron County, Ohio. On October 24, 1988, and after numerous hearings on appellant's probation violations, the court ordered that appellant or her mother pay $322.40 in court costs. Thereafter, in a judgment dated December 5, 1988, the juvenile court ordered that jurisdiction over appellant be terminated, finding that court supervision over her was no longer required. In that same judgment, the court ordered that the case remain open until court costs in the amount of $322.40 were paid, and ordered that those costs be paid by December 31, 1988.

On August 24, 1992, a judgment of the juvenile court found appellant to be in contempt of court for nonpayment of costs owed. The court ordered that appellant submit monthly written reports to the court advising it of any changes of address, financial situation or conditions in her health, and ordered that appellant pay the court costs owed by March 1, 1993; otherwise, appellant would be required to seek at least four employers per week and report such efforts to the court until the monies due were paid in full.

Appellant filed a timely notice of appeal and asserts the following assignment of error:

"The court erred in finding Patti Buffington Brown guilty of contempt of court for failing to pay court costs."

Appellant contends that the trial court lacked jurisdiction to collect court costs by means of a contempt citation. Appellant also asserts that because she is now twenty-one years old, the juvenile court was without jurisdiction to enter the order finding her in contempt.

Any litigant involved in court proceedings becomes liable, by implied contract, for the payment of court costs if taxed as part of the court's judgment. *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 103, 49 O.O.2d 428, 432, 253 N.E.2d 749, 754. In the present case, the trial court had the authority to tax court costs against Brown pursuant to Juv.R. 4(F). The court in *Strattman,* however, further stated:

"A judgment for costs * * * is a civil, not a criminal, obligation, and may be collected *only* by the methods provided for the collection of civil judgments." (Emphasis added.) *Id.* at 103, 49 O.O.2d at 432, 253 N.E.2d at 754.

[2–5]  Thus, although trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, an order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor.  As such, the creditor, *i.e.*, the court, can collect only the money it is due by the methods provided for the collection of civil judgments.  A contempt proceeding is not a proper method by which to collect a civil judgment.  See *Heidelberg College v. Depew* (1988), 44 Ohio Misc.2d 20, 541 N.E.2d 637.

[6]  Accordingly, the trial court erred in finding appellant in contempt of court for failure to pay court costs, and the sole assignment of error is found well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Huron County Court of Common Pleas is reversed.  Costs to appellee.

*Judgment reversed.*

GLASSER, P.J., HANDWORK and ABOOD, JJ., concur.