The STATE of Ohio, Appellee,

v.

GLASSCOCK, Appellant.

[Cite as *State v. Glasscock* (1993), 91 Ohio App.3d 520.]

Court of Appeals of Ohio,
Highland County.

No. 822.

Decided Nov. 9, 1993.

*James D. Hapner*, for appellee.

*John R. Glasscock, pro se.*

---

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Hillsboro Municipal Court finding appellant John R. Glasscock indigent and ordering him to perform community service to work off his pre-existing fine and court costs at the R.C. 2947.14(C) rate of $30 per day.

Appellant assigns the following errors:

"First Assignment of Error:

"The trial court erred by violating appellant's constitutional right to equal protection when it initiated a jurisdictionally void contempt action against him and ordered him to work off fines and court costs because he was indigent and unable to pay without affording him the procedural safeguards mandated under the statutory requirements of O.R.C. 2947.14, including: an opportunity to be heard by being allowed to testify and present evidence, and a determination of his ability to pay supported by judicial findings of fact.

"Second Assignment of Error:

"The trial court committed reversible error by violating appellant's constitutional right to be afforded representation of counsel."

The record transmitted on appeal includes a certified copy of the docket sheet listing two traffic offenses that the court found appellant committed on December 26, 1985. For the first offense, operating a vehicle without having reasonable control of the vehicle in violation of R.C. 4511.202, the court fined appellant $25 and ordered him to pay $33.94 in court costs. For the second offense, driving while under the influence of alcohol in violation of R.C. 4511.19(A)(2), the court fined appellant $500 and ordered him to pay $315.70 in court costs. The docket sheet includes a notation "DSS" following "FINDING" for a third offense, driving under the influence in violation of R.C. 4511.19. The docket sheet indicates the court imposed no fine or court costs for the third offense.

In *State v. Glasscock* (Nov. 5, 1987), Highland App. No. 622, unreported, 1987 WL 19695, we wrote:

"Defendant-appellant, John R. Glasscock, was charged with violation of R.C. 4511.19, driving while under the influence, R.C. 4511.19(A)(2), driving while having more than .10% alcohol in the blood by weight, and R.C. 4511.202, failure to maintain reasonable control. Glasscock was found guilty by a jury for violating R.C. 4511.19 and R.C. 4511.19(A)(2) and the Hillsboro Municipal Court

in Highland County found him guilty of violating R.C. 4511.202. Glasscock was fined, sentenced to ninety days in jail, and suspended from driving for two years."

In the sole assignment of error appellant raised in that appeal, he contended the trial court erred by permitting him to represent himself. We overruled the assignment of error and affirmed the trial court's judgment.[1]

In an undated letter contained in the record transmitted on appeal, the court ordered appellant to appear in court on September 1, 1992 to show cause why he should not be held in contempt for failure to pay a $1,293.24 "agreed payment of fine and court costs." Appellant does not contest the amount due.

On September 1, 1992, appellant filed a "notice of special appearance" claiming that Judge Jon C. Hapner "lacked jurisdiction" to hold the scheduled contempt hearing. On September 8, 1992, the court assigned the matter for a hearing under Judge John O. Crouse on September 24, 1992. On September 24, 1992, appellant filed an affidavit "to show the disqualification" of Judge Crouse. On September 24, 1992, the court assigned the matter for hearing on October 22, 1992.

Judge Robert J. Judkins heard the matter as scheduled on October 22, 1992. Appellant testified he lacked money to pay his fines and court costs. He has no employment, no real estate, no bank account, no automobile or truck, and no investments. He currently resides with his parents. Although appellee argued that appellant failed to raise his inability to pay during previous proceedings before the court, the court orally ruled that appellant was unable to pay cash for the fines and court costs. After a brief discussion with the bailiff, the court orally ordered appellant to report to the city water department to perform community service to work off his fine and court costs at a rate of $30 per day.

In the November 4, 1992 judgment entry, Judge Judkins held in full as follows:

"October 22, 1992: Court finds that defendant does have the inability to pay cash for fine & costs.

"Defendant is hereby ordered to report to the Hillsboro City Water Department on October 26, 1992 at 7:30 A.M. and report to Roger Whiting to perform community service and receive credit upon fine & costs of $30.00 per day as set by statute."

Appellant filed a timely notice of appeal.

---

1. See, also, *State v. Glasscock* (Sept. 20, 1990), Highland App. No. 726, unreported, 1990 WL 138494, concerning appellant's subsequent convictions for driving while under the influence and driving while under suspension.

I

In his first assignment of error, appellant asserts the trial court erred by violating his constitutional right to equal protection. In particular, appellant argues he is indigent and therefore the trial court should not have ordered him to work off his fines and court costs. Appellant contends the trial court should have followed R.C. 2947.14 by affording him an opportunity to be heard and by making a determination supported by findings of fact.

Appellee argues that appellant incorrectly characterizes the judgment below as a contempt conviction. Appellee notes the trial court did not find appellant in contempt for failure to pay his fines, but rather ordered appellant to perform community service in an effort to pay off his fines at the statutory $30 per day rate. Appellee further argues that because appellant did not file a timely appeal from his conviction and sentence, he may not challenge his conviction and sentence in this appeal.

■ Appellee concedes, however, that appellant correctly states that the trial court should not have ordered him to work off his court costs. We agree. In *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 102–103, 49 O.O.2d 428, 432, 253 N.E.2d 749, 754, the court held that a major distinction between fines and court costs exists. The court noted that because court costs are civil debts and because Section 15, Article I of the Ohio Constitution prohibits imprisonment for civil debt, courts may not imprison people for their failure to pay court costs. Similarly, we find courts may not order people to work to pay off court costs. See, also, *Strongsville v. Waiwood* (1989), 62 Ohio App.3d 521, 526, 577 N.E.2d 63, 66, where the court followed *Strattman* and held that trial courts may only collect courts costs "by the methods provided for the collection of civil judgments." We are aware of no authority permitting a court to order a civil debtor to perform community service to pay off a debt.

■ With regard to appellant's equal protection argument, we note that in *Strattman* the court held that the version of R.C. 2947.20 then in effect violated the Equal Protection Clause of the Fourteenth Amendment. The law gave criminals the choice of paying a fine or working it off at the rate of $3 per day. The court held that the law unreasonably equated $3 with a day in jail. The court held in pertinent part:

"4. An indigent defendant, committed to jail until his fine is paid or secured to be paid, who receives credit upon the fine at the rate of three dollars per day, is denied equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

"5. A credit of three dollars per day on a fine, under Section 2947.20, Revised Code, is a grossly unreasonable monetary allowance for each day's work in

confinement, and, when applied to an indigent, unfairly discriminates against him in violation of his rights under the Fourteenth Amendment to the United States Constitution." *Id.* at paragraphs four and five of the syllabus.

The court focused on the plight of indigent defendants confronted with the unenviable choice of either paying a fine or working it off at the rate of $3 per day in jail. The court approved the notion that an indigent can be forced to work off a fine in jail, provided the per diem rate was reasonable. The court wrote:

"We believe that there is some per diem rate which is capable of comporting with fundamental fairness and equating a day in confinement with the credit of a dollar amount. This is a legislative question." *Id.,* 20 Ohio St.2d at 102, 49 O.O.2d at 432, 253 N.E.2d at 754.

Subsequent to *Strattman,* the legislature repealed R.C. 2947.20 and enacted R.C. 2947.14, which provides a $30 per diem rate. See *Alliance v. Kelly* (1988), 48 Ohio App.3d 133, 134, 548 N.E.2d 952, 953, fn. 1. R.C. 2947.14 differs from *Strattman* in one major respect—the statute does not permit the incarceration of indigent defendants who fail to pay their fines. The statute permits incarceration for failure to pay fines only if the court finds the defendant able, though unwilling, to pay the fine. Paragraph (A) includes the proviso "if * * * the offender is able, at that time, to pay the fine but refuses to do so." Paragraph (B) includes the proviso "if * * * the offender is able to pay a fine." Paragraph (C) begins with the proviso "If * * * the offender [is] able to pay a fine * * *."

In the case *sub judice,* the court held appellant is not able to pay his fines and court costs. Hence, R.C. 2947.14 does not permit the court to incarcerate indigent defendants for failure to pay their fines. The statute applies only to those defendants found able to pay their fines.

Does R.C. 2947.14 *prohibit* the incarceration of indigent defendants who fail to pay their fines? We believe the answer is yes. R.C. 2947.14(D) provides that defendants may not "be committed to a jail or otherwise be held in custody" for failure to pay a fine except pursuant to the statute:

"(D) No person shall be ordered to *be committed to a jail or workhouse or otherwise be held in custody* in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of thirty dollars per day or fraction of a day. * * *" (Emphasis added.)

█ What did the legislature intend by the words "or otherwise be held in custody"? The court in the case *sub judice* did not incarcerate appellant. The court merely ordered appellant to perform community service work to pay off his fine at the rate of $30 per day. Does a judgment ordering a defendant to perform community service work place the defendant "in custody"? We think

not. An order to perform community service does not place a defendant in custody in the traditional sense of the word. The order results in only a minimal restraint of liberty. We do not believe the legislature intended to include such a minimal restraint of liberty within the purview of R.C. 2947.14. We find R.C. 2947.14(D) does not prevent courts from ordering indigent defendants to perform community service work to work off their fines at a rate of $30 per work day.

We find no authority preventing the judgment in the case *sub judice*. In *Strattman*, the court expressed approval of the historical practice of permitting defendants to work off their criminal fines. The court recognized that one purpose of laws such as the former R.C. 2947.20 was to coerce payment from a non-indigent criminal. A second purpose of such laws is to give the state a means of obtaining payment from an indigent criminal. In *Strattman*, the court commented that when the state has no means to obtain payment from an indigent criminal, criminals able to pay are denied equal protection. The court wrote in pertinent part:

"Adoption of the single-purpose concept, as in New York and California when statutes or ordinances do not provide for confinement, results in the convicted indigent escaping without punishment because in theory the statute providing for confinement for failure to pay was not intended to apply to him. The single-purpose concept also gives rise to the basic premise of those cases which hold that a court abuses its discretion by fining an indigent and sentencing him to the maximum prison term, when the effect of the fine will be to incarcerate the indigent beyond the term authorized by the substantive statute. * * * *We believe the fallacy of that basic premise can lead to a result which denies equal protection to one who can pay, while the indigent goes unpunished.*

"Therefore, we are constrained to find that the dual-purpose concept is more compelling. We are persuaded not only by the conclusion that the single-purpose concept denies equal protection, but also by a consideration of the common law as to fines and the consequences of nonpayment." (Emphasis added.) *Id.*, 20 Ohio St.2d at 100, 49 O.O.2d at 430–431, 253 N.E.2d at 752–753.

The court noted that historically criminals unable to pay fines were sold into slavery. The court commented that the modern method of incarcerating the criminal until the fine is paid by per diem credits secures payment in a more civilized manner.

■ In the case *sub judice*, we find no error with the court's judgment ordering appellant to perform community service work in order to pay off his fines at the rate of $30 per day. A criminal performing community service work is not "in custody." Community service work will place much less of a burden on appellant than incarceration. If we permit appellant to escape the performance

of the community service work, we permit him to escape his fine altogether. Allowing appellant to escape his fine would deny equal protection to non-indigent criminals. We further note that we find no evidence in the record that appellant suffers from a physical or mental disability that would prevent him from performing any community service work at the city water plant.

Accordingly, based upon the foregoing reasons, we sustain appellant's assignment of error in part and overrule his assignment of error in part. Although the trial court may not order appellant to perform community service to pay his court costs, the trial court may order appellant to perform community service to pay his fines.

## II

In his second assignment of error, appellant asserts the court erred by violating his constitutional right to representation by counsel. We find no error. The proceedings below did not involve a new charge against appellant and did not involve a threat of incarceration. As we discussed under appellant's first assignment of error, R.C. 2947.14 does not apply to appellant.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

*Judgment affirmed in part*
*and reversed in part.*

GREY, J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, Judge, concurring.

I agree that R.C. 2947.14 is neither applicable to, nor dispositive of, the issue presented in the cause *sub judice*. I am also in agreement with the ultimate judgment of the majority opinion as well as much of the sound reasoning by which that result was reached. I write separately, however, because I believe our ruling that indigent defendants may be ordered to perform community service in payment of their fines should be grounded in some sort of statutory authority.

To that end, I would note the provisions of R.C. 2929.51(F) which specify that when a fine is imposed the court may (1) suspend any portion of the fine upon conditions imposed in the interests of justice, correction and rehabilitation of the offender, or (2) permit any portion of the fine to be paid by any method or on any

terms that the court considers just.[2]  The General Assembly clearly intended that the trial courts be afforded broad discretion in providing for the suspension of payment of fines and the conditions to be imposed thereunder.  A broad reading of the statute would certainly allow for the court to suspend a fine in return for, or payment of a fine through, a set amount of community service work.  Other appellate courts in this state have refrained from interfering with analogous orders, see, *e.g., State v. Balas* (1990), 68 Ohio App.3d 524, 527, 589 N.E.2d 86, 88, and we should do the same.  Accordingly, I concur in the judgment of the majority opinion.

2. This statute was recently cited as authority for allowing a trial court to permit the "work off" of a nonsuspendable penalty by performing community service.  See *Akron v. Smith* (1992), 82 Ohio App.3d 57, 61–62, 611 N.E.2d 435, 438 (Cacioppo, J., dissenting in part).  The facts and issues presented in that case, however, are different from the one before us and the decision in *Akron* provides little guidance for resolving this case.