OPINION
{¶ 1} Brandon M. Ellis appeals from the judgment of the Montgomery County Court, Area One, finding him in indirect criminal contempt of court and ordering him to serve 60 days in jail for failing to complete community service work in order to satisfy previously imposed fines and court costs.
 {¶ 2} The record in this matter reflects that Ellis pled guilty to attempted petty *Page 2 
theft, a second degree misdemeanor, on January 28, 2004. The trial court sentenced Ellis to 75 days in jail, giving him credit for 14 days already served, and it imposed a fine of $400.00 plus court costs of $130.00. The court then suspended the remaining 61 days of Ellis's jail sentence and $300.00 of his fine on the condition that he be placed on community control for a period of 24 months. As conditions of community control, Ellis was prohibited from committing another theft related offense for five years. He also was required to pay restitution, to receive a drug evaluation and follow up, and to pay fines and court costs. The court further ordered "community service work as needed." A payment agreement was filed contemporaneously with the court's sentencing entry, providing that Ellis would make payments of $57.50 every two weeks toward a total amount of $230.00. Such agreement was not signed by the appellant.
 {¶ 3} On March 25, 2004, the court filed a notice of revocation informing Ellis that he was in violation of his probation for failing to report, to undergo a drug evaluation, and to pay restitution and costs. Following a subsequent hearing, the trial court revoked Ellis's probation and ordered that he serve 61 days in jail, giving credit for 21 days. The remaining 40 days were to be served consecutive to other misdemeanor time and concurrent to any felony time. As before, a payment agreement was filed at the same time as the court's sentencing entry, ordering Ellis to pay $45.62 every two weeks toward a total amount of $235.00. Again, Ellis did not sign the agreement.
 {¶ 4} The trial court issued a warrant for Ellis's arrest approximately one year later after he failed to make payments under the agreement. He was arrested on May 20, 2005 and released three days later. At the time of his release, the trial court ordered that Ellis report to the Offender Reporting Center within 48 hours so that community *Page 3 
service work could be completed within 90 days. We note, however, that up to this point, the court had not determined an amount of community service work for the appellant to perform.
 {¶ 5} On November 3 and December 6, 2005, the trial court issued contempt citations against Ellis for failure to pay fines and court costs and/or to appear. After failing to appear at the scheduled contempt hearings, Ellis was arrested on January 9, 2006. He was released on January 18, 2006, after appearing with counsel and denying the contempt. A hearing was set for February 22, 2006.
 {¶ 6} On February 1, 2006, the court amended its December 6, 2005 contempt citation to state that Ellis had failed to complete his community service work as previously ordered. The court further directed Ellis to appear on February 22 and show cause why he should not be found in contempt. Defense counsel was also ordered to file a written motion to dismiss.
 {¶ 7} Approximately one year later, the trial court overruled Ellis's motion to dismiss. A hearing on the matter was set for April 25, 2007. The following day, the trial court issued a decision that read, in part, as follows:
 {¶ 8} "Based upon the evidence presented this court finds that the Defendant has failed to complete his community service work as ordered on January 28, 2004 and May 23, 2005. Therefore the Defendant is found in indirect criminal contempt and sentenced to sixty (60) days in jail.State v. Self, 2005-OHIO-1120, ¶ 57 and Logue v. Fregriato,2004-OHIO-4289, ¶ 10." Execution of this sentence has been stayed pending the outcome of the instant appeal.
 {¶ 9} Ellis filed a timely notice of appeal from the court's decision and order, and *Page 4 
he assigns the following error for our review:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO JAIL FOR INDIRECT CRIMINAL CONTEMPT AFTER FINDING THAT APPELLANT HAD FAILED TO PERFORM COMMUNITY SERVICE IN LIEU OF PAYING FINES AND COSTS."
 {¶ 11} Ellis contends that the trial court's decision finding him in contempt and sentencing him to 60 days in jail should be reversed upon the authority of State v. Lamb, 163 Ohio App.3d 290, 2005-Ohio-4741,837 N.E.2d 833.
 {¶ 12} Similar to the facts in the instant matter, the defendant inLamb was arrested for failing to make payments on fines and costs assessed at the time he was convicted separately for two first-degree misdemeanors. Id. at ¶ 3-4. In one case, the defendant had been fined $50.00 and ordered to pay costs of $90.00; in the other case, he had been fined $100.00 and ordered to pay costs of $58.00. Id. After agreeing to a payment plan, the defendant was again arrested for nonpayment, and the trial court converted his fines and costs into community service work. Id. Subsequently, the defendant failed to perform any community service. Id. As a result, the trial court found the defendant in contempt of court and sentenced him to ten days in jail. Id.
 {¶ 13} On appeal, the defendant argued that the trial court violated R.C. 2947.14 when it imprisoned him for nonpayment of hisfines. R.C. 2947.14 permits incarceration for failure to pay fines only if the court finds the defendant is not indigent, just unwilling to pay. In pertinent part, the statute provides:
 {¶ 14} "(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or *Page 5 
workhouse until the fine is paid or secured to be paid, or the offender is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.
 {¶ 15} "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to the offender's ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts, as presented by the offender, and the offender's ability to pay.
 {¶ 16} "* * *
 {¶ 17} "(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of fifty dollars per day or fraction of a day. If the unpaid fine is less than fifty dollars, the person shall be imprisoned one day."
 {¶ 18} In Lamb, the trial court arrested and jailed the defendant for two days per charge due to nonpayment of his fines before the court made a finding of indigence and before it converted the fines to community service. Id. at ¶ 6. This Court found that the trial court lacked authority to convert the defendant's fines to community service because, effectively, such fines would have been completely satisfied had the defendant been credited properly under R.C. 2947.14(D) — a $100.00 fine is satisfied upon having served two days in jail, where R.C. 2947(D) mandates credit upon the fine at the rate of *Page 6 
$50.00 per day or fraction of a day. Id. at ¶ 7.
 {¶ 19} As for the nonpayment of the defendant's costs, we followed the principle that "`[a] judgment for costs in a criminal traffic case is a civil, not a criminal obligation, and may be collected only by the methods provided for the collection of civil judgments.'" Id. at ¶ 9, quoting State v. Swift, Montgomery App. No. 20543, 2005-Ohio-1595, at ¶ 21. See, also, State v. Self, Montgomery App. No. 20370,2005-Ohio-1120, at ¶ 64. Therefore, "`a court cannot incarcerate a person for non-payment of court costs.'" Id., quoting Swift, supra. See, also, Strattman v. Studt (1969), 20 Ohio St.2d 95, 103, 49 O.O.2d 428,253 N.E.2d 749. Like Ellis, the defendant in Lamb had not been jailed for failure to pay courts costs directly, but rather, indirectly, where the trial court found him in contempt for failure to perform community service work in order to satisfy his fines and court costs. Id. at ¶ 10. Whereas a trial court is permitted by statute to order a defendant to complete community service work to satisfy a judgment for court costs, this Court pointed out that the Ohio Constitution, Article I, Section 15 prohibits a court from imprisoning a person "`for debt in any civil action.'" Id. at ¶ 12. Thus, we held that a defendant whose court costs had been converted to community service work cannot be jailed for failure to complete such service, as that would constitute imprisoning one for failure to work to satisfy a civil obligation. Id. With regard to contempt proceedings concerning the nonpayment of court costs, we stated:
 {¶ 20} "`[Although trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, an order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. As such, the creditor, i.e., the court, can collect only the *Page 7 
money it is due by the methods provided for the collection of civil judgments. A contempt proceeding is not a proper method by which to collect a civil judgment. In re Buffington (1993), 89 Ohio App.3d 814,816, 627 N.E.2d 1013, citing Heidelberg College v. Depew (1988),44 Ohio Misc.2d 20, 541 N.E.2d 637.'" Id. at ¶ 13.
 {¶ 21} In the present matter, we find Ellis's reliance onLamb to be persuasive. First, as to the fines imposed by the trial court, the record is void of any indication that the court conducted an indigency hearing under R.C. 2947.14 prior to imprisoning Ellis, and prior to "converting" the fines into community service work. From the record, it is clear that Ellis was sent to jail for four days on May 20, 2005 for failure to make payments. Before taking such action, the trial court was required to conduct a hearing at which Ellis should have been instructed that he had the right to be represented by counsel and to testify and present evidence as to his ability to pay the fine. SeeState v. Self, Montgomery App. No. 20370, 2005-Ohio-1120, at ¶ 73
(citations omitted). The trial court did not comply with these requirements. Furthermore, had the court found Ellis not to be indigent, the four days he served in jail would have completely satisfied the fines he owed, i.e., $100.00. As we stated above, R.C. 2947.14(D) entitled Ellis to a credit of $50.00 against the fines for each day or fraction of a day that he served for nonpayment. See Lamb,2005-Ohio-4741, atf7. Consequently, if we were to construe the trial court's order of May 23, 2005 as converting the fines to community service, at that point there would have been no fines remaining to convert. See id. Thus, we find the trial court erred in converting Ellis's fines to community service work and then imprisoning him for nonperformance.
 {¶ 22} Likewise, we find that the trial court erred in imprisoning Ellis for *Page 8 
nonpayment of court costs. As in Lamb, the court here indirectly imposed a jail sentence for nonpayment of court costs by finding Ellis in contempt for failure to perform community service in order to satisfy both his fines and cost. See id. at ¶ 10. Based on the aforementioned authority, the court was prohibited from incarcerating Ellis for failing to pay his court costs, where the judgment for costs constituted a civil obligation that could only be collected by the methods prescribed for the collection of civil judgments.
 {¶ 23} Accordingly, the trial court's judgment finding Ellis in criminal contempt for nonperformance of community service work to satisfy his fines and court costs is reversed. Insofar as it pertains to the trial court's Decision and Order of April 26, 2007 finding Ellis in indirect criminal contempt and sentencing him to 60 days in jail, Appellant is discharged from any further criminal liability.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1