[Cite as *Galluzzo v. Galluzzo*, 2013-Ohio-3647.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

TERESA A. GALLUZZO (nka Cook)  :

    Plaintiff-Appellee  :  C.A. CASE NO.    2012 CA 43

v.  :  T.C. NO.    93DR247

MICHAEL A. GALLUZZO  :  (Civil appeal from Common
          Pleas Court, Domestic Relations)

    Defendant-Appellant  :

    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    23rd    day of     August    , 2013.

. . . . . . . . . .

MARK FEINSTEIN, Atty. Reg. No. 0065183, 214 Scioto Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MICHAEL A. GALLUZZO, P. O. Box 710, St. Paris, Ohio 43072
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the Notice of Appeal of Michael

Galluzzo,

filed December 7, 2012. Galluzzo appeals from the trial court's November 9, 2012 decision, issued following a contempt proceeding, that ordered Galluzzo to perform 40 hours of community service as a result of his failure to pay court costs. We hereby reverse and vacate the decision of the trial court.

{¶ 2} On July 20, 2012, the trial court issued a journal entry that provides that Galluzzo "has failed to pay his outstanding Court costs in the above-captioned matter. The Clerk has sent a fee statement to Defendant on three (3) separate occasions." The court indicated that Galluzzo owes $986.97 and set the matter for a "show cause hearing" on October 5, 2012.

{¶ 3} On August 3, 2012, Galluzzo requested a continuance, and the trial court denied his request. On September 6, 2012, Galluzzo filed a "Motion to Dismiss Hearing" that provides as follows:

> * * * Defendant is indigent. Defendant is entitled to $751 per month in Social Security. The state garnishes $209.80 per month for alleged child support * * * leaving me with only $505.20 to try and survive on.
>
> In October 2012, the Social Security Administration will begin taking an additional $99.90 per month for Medicare Insurance. That will leave the Defendant with $405.20 per month to live on.
>
> It is a complete waste of the court[']s time and resources to proceed with this hearing since the Defendant is indigent and there is no money for court costs.

On September 13, 2012, the trial court overruled Galluzzo's motion.

{¶ 4} At the hearing, Galluzzo asserted that he is indigent and provided

information about his income and expenses.   The following exchange occurred:

THE COURT: * * * Your expenses you've given me under oath you're definitely running about $150 short every month.

THE DEFENDANT: Yeah.

THE COURT: I understand that.   But I feel like if you can't help our community by paying for the time that the Court has given you, community service would be appropriate.   And I'm willing to exchange the community service for the payment of court costs.   I would ask for a total of 40 hours and then this matter would be closed.

THE DEFENDANT: That won't work.

THE COURT: Well, that's what I'm ordering, and you'll have six months to complete it.

THE DEFENDANT: Your Honor.

THE COURT: Yes, sir.

THE DEFENDANT: May I direct you to State v. Glasscock where the court found that court costs are in the nature of a civil debt.   Requiring a defendant to work them off by performing community service would be imprisonment for debt.   That would be a violation of Article I, Section 15 of the Ohio Constitution.

THE COURT: I'm ordering 40 hours of community service.

{¶ 5}   Galluzzo asserts two assignments of error herein, which we will consider together.   They are as follows:

"AS A MATTER OF LAW, THE COURT COMMITTED PLAIN ERROR IN ATTEMPTING TO USE THE COERCIVE POWERS OF THE COURT, WITHOUT STATUTORY AUTHORITY, TO COLLECT COSTS."

And,

"AS A MATTER OF LAW, THE COURT COMMITTED PLAIN ERROR BY ORDERING COMMUNITY SERVICE TO 'WORK OFF' COSTS."

{¶ 6}    In *State v. Glasscock*, 91 Ohio App.3d 520, 632 N.E.2d 1328 (4th Dist. 1993), the Fourth District noted as follows:

* * * In *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 102-103, 49 O.O.2d 428, 432, 253 N.E.2d 749, 754, the court held that a major distinction between fines and court costs exists.  The court noted that because court costs are civil debts and because Section 15, Article I of the Ohio Constitution prohibits imprisonment for civil debt, courts may not imprison people for their failure to pay court costs.  Similarly, we find courts may not order people to work to pay off court costs.  See, also *Strongsville v. Waiwood* (1989), 62 Ohio App.3d 521, 526, 577 N.E.2d 63, 66, where the court followed *Strattman* and held that trial courts may only collect court costs "by the methods provided for the collection of civil judgments."  We are aware of no authority permitting a court to order a civil debtor to perform community service to pay off a debt.

{¶ 7}    This Court further has noted as follows:

"'[A]lthough trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, an order to pay court costs is

essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. As such, the creditor, i.e., the court, can collect only the money it is due by the methods provided for the collection of civil judgments. A contempt proceeding is not a proper method by which to collect a civil judgment. *In re Buffington* (1939), 89 Ohio App.3d 814, 816, 627 N.E.2d 1013, citing *Heidleberg College v. Depew* (1988), 44 Ohio Misc.2d 20, 514 N.E.2d 637.'" *Id.* at ¶ 13. *State v. Ellis*, 2d Dist. Montgomery No. 22189, 2008-Ohio-2719, ¶ 20.

**{¶ 8}**     We agree with Galluzzo that the trial court erred in employing a contempt proceeding to collect a civil judgment, and that it lacked authority to order him to perform community service. Plain error is demonstrated, and Galluzzo's assigned errors are sustained. The judgment of the trial court is reversed and vacated.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Mark Feinstein
Michael A. Galluzzo
Hon. Lori L. Reisinger