[Cite as *State v. Bishop*, 2023-Ohio-102.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Ethan James Bishop

      Appellant

Court of Appeals No.  WD-22-016
WD-22-017

Trial Court No.  2021CR0293
2020CR0192

**DECISION AND JUDGMENT**

Decided:  January 13, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** In this consolidated appeal, appellant, Ethan Bishop, appeals from two

judgments entered by the Wood County Court of Common Pleas, each ordering him to

pay the costs of prosecution and, further, advising him that a failure to pay those costs

could result in an order to perform community service.  For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case and Relevant Facts

{¶ 2} Appellant was first indicted on May 28, 2020, in a two-count indictment.  Count one charged him with assault, which was a felony of the fourth degree because of the victim's alleged status.  Count two charged him with assault, which was a felony of the fifth degree because the offense was committed at a local correctional facility.  These charges became the basis for case No. 2020-CR-192.

{¶ 3} A jury trial was scheduled in the case, but appellant failed to appear for trial.  This resulted in appellant being indicted, on June 3, 2021, for failure to appear as required by recognizance, which was a felony of the fourth degree.  That charge became the basis for case No. 2021-Ohio-293.

{¶ 4} Ultimately, appellant went to trial on count two of the first indictment.  He was found guilty and was sentenced to serve ten months in prison.

{¶ 5} Shortly thereafter, appellant pleaded guilty to an attempted failure to appear related to the later indictment, which was a felony of the fifth degree.  For this charge, appellant received a six-month prison term that was ordered to be served concurrently to the sentence he was serving in case No. 2020-CR-192.

{¶ 6} The judgment of conviction and sentencing in each of the two cases provided in part:

2.

Defendant is ordered to pay the costs of this prosecution. Judgment is awarded for costs and execution awarded. The defendant is notified that if the defendant fails to pay this judgment or fails to make timely payments towards that judgment under a payment schedule approved by the Court, the Court may order the defendant to perform additional community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

Appellant timely appealed from both judgments.

## Assignment of Error

{¶ 7} Appellant asserts the following assignment of error on appeal:

1. The trial court's orders for appellant to pay court costs or be subject to community service or other court order nonpayment are contrary to law.

## Analysis

{¶ 8} In his sole assignment of error, appellant challenges the idea that he could be ordered to perform community service for failure to pay costs, arguing that although such sanction is permitted under R.C. 2947.23, it is in violation of the laws against peonage and, therefore, is contrary to law.

42 U.S.C. 1994, which codifies the abolition of peonage, states:

The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void.

{¶ 9} R.C. 2947.23, which provides for community service in lieu of monetary payment, states in relevant part:

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the

court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

> (ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

Thus, the statute provides that a court shall include in the sentence the costs of prosecution, and, further, may order a criminal defendant to perform community service should he or she fail to pay court costs.

{¶ 10} As recognized by the Fourth District Court of Appeals in *State v. Lamb*, 2005-Ohio-4741, 837 N.E.2d 833, ¶ 10-11 (4th Dist.), the legality of ordering a defendant to perform community service to satisfy a judgment for court costs has yet to be determined:

> [I]n *State v. Glasscock* (1993), 91 Ohio App.3d 520, 632 N.E.2d 1328, the Fourth District Court of Appeals held that courts may not order offenders to perform community service to satisfy court costs. In so ruling, the *Glasscock* court first observed that court costs are civil debts. It then found 'no authority permitting a court to order a civil debtor to perform community service to pay off a debt.' *Id.* at 525, 632 N.E.2d 1328.

5.

We note, however, that certain statutes now expressly permit a trial court to order a defendant to perform community service to satisfy a judgment for court costs. *See* R.C. 2947.23(A)(1)(a); R.C. 2929.28(B). In *State v. White*, 193 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court recognized that R.C. 2947.23 now authorizes a court "to impose community service upon the defendant as a method to pay off or forgive costs." *Id.* at ¶ 15. The *White* court declined, however, to address the legality of this method of collecting court costs. *Id.* Thus, the issue remains an open question.

{¶ 11} Although the propriety of converting court costs to community service remains in question, Ohio law is clear that "imposition of court costs is civil in nature, and under Article 1, Section 15 of the Ohio Constitution, a person cannot be imprisoned for his failure to pay a civil debt." *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 21; *Lamb* at ¶ 12.

{¶ 12} Without addressing the merits of appellant's claim, the state argues that appellant's argument is not ripe for appellate review. Addressing the doctrine of ripeness, the Supreme Court of Ohio, in *State v. Maddox*, --- Ohio St.3d ---, 2022-Ohio-764, --- N.E.3d ---, recently explained:

"In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964,

¶ 26; *see also Pack v. Cleveland*, 1 Ohio St.3d 129, 438 N.E.2d 434 (1982), paragraph one of the syllabus. * * * " 'The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." ' " *State ex rel. Elyria Foundry Co. v. Indus. Comm.,* 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (1998), quoting *Comment, Mootness and Ripeness: The Postman Always Rings Twice,* 65 Colum.L.Rev. 867, 876 (1965), quoting Davis, *Ripeness of Governmental Action for Judicial Review,* 68 Har.L.Rev. 1122, 1122 (1955).

Ripeness is distinct from standing, but both doctrines require that "an injury in fact be certainly impending." *Natl. Treasury Emps. Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996). '[I]f a threatened injury is sufficiently 'imminent' to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied." *Id.* at 1428. Then, "only the prudential justiciability concerns of ripeness can act to bar consideration of the claim." *Id.* The prudential-justiciability concerns include (1) whether the claim is fit for judicial decision and (2) whether withholding court consideration will cause hardship to the parties. *Hill v. Snyder*, 878 F.3d 193, 213 (6th Cir. 2017), citing *Abbott*

7.

*Laboratories v. Gardner*, 387 U.S. 136, 149, 153, 87 S.Ct. 1507, 18

L.Ed.2d 681 (1967), *abrogated in part on other grounds, Califano v.*

*Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The first prong

of the prudential-justiciability question is met when "[t]he issue presented

in th[e] case is purely legal, and will not be clarified by further factual

development." *Thomas v. Union Carbide Agricultural Prods. Co.*, 473

U.S. 568, 581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985).

*Id.* at ¶ 7-8.

{¶ 13} Assuming, without deciding, that the threatened injury is sufficiently "imminent" to establish standing in this case, we first consider whether appellant's claim is fit for judicial decision. Here, appellant was ordered in both of his sentencing judgment entries to pay the costs of prosecution. In addition, he was notified of the possible consequences for any future failure to pay those costs, including the possibility of being ordered to perform community service.[1] Since no additional factual development is needed to address appellant's purely legal question regarding the legality of imposing community service upon a defendant as a method to pay off or forgive court

---

[1] In this case, the statute required only that the costs of prosecution be included in the sentence. *See* R.C. 2947(A)(1)(a). Notification concerning the possibility of a community service order in lieu of payment, although provided in the relevant judgment entries, was not required, because the court imposed a prison term, rather than community control or any other nonresidential sanction. *Id.*

8.

costs, we find that the first prong of the prudential-justiciability question is, in fact, satisfied. *See Maddox* at ¶ 8.

{¶ 14} Next, we consider whether withholding consideration will cause hardship to the parties. Although the imposition of court costs on all convicted defendants is mandatory pursuant to R.C. 2947.23(A)(1)(a), R.C. 2947.23(C) gives a trial court continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." *See State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, ¶ 21.

{¶ 15} Also pursuant to the statute:

If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment * * * or has failed to timely make payments towards that judgment under a payment schedule approved by the judge or magistrate, the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure. * * * If, after the hearing, the judge or magistrate determines that the defendant has failed to pay the judgment or to timely make payments under the payment schedule and that imposition of community service for the failure is appropriate, the judge or magistrate may order the offender to perform community service until the judgment is paid or until the judge or

9.

magistrate is satisfied that the offender is in compliance with the approved

payment schedule.

*Id.* Thus, "a judge has a duty to hold a hearing to determine whether to impose

community service, *but only if* the judge has reason to believe that the defendant has

failed to pay the judgment or has failed to timely make payments in accordance with the

approved schedule." *State v. Freeman*, 4th Dist. Adams No. 21CA1141, 2022-Ohio-674,

¶ 6 (emphasis in original).

{¶ 16} Here, there is nothing in the record that gives reason to believe that

appellant has failed to make payments toward the judgment. Under these circumstances,

appellant cannot be ordered to perform community service and, as a result, cannot be

found to have suffered any injury. In the event that appellant is found, following a

hearing, to have failed to make appropriate payments toward his judgment, he would

have a right to appeal that order. *See Freeman,* at ¶ 1 (involving an appeal from a

decision denying a defendant's motion seeking to credit his unpaid balance of court costs

with community service hours)*; Lamb*, 2005-Ohio-4741, 837 N.E.2d 835, at ¶ 1

(involving an appeal from judgment entries finding defendant in criminal contempt of

court and ordering him jailed for failing to perform community service to satisfy

previously imposed fines and costs). Because we find that withholding court

consideration will not cause hardship to the parties, we find that this matter is not ripe for

review. Accordingly, appellant's assignment of error is found not well-taken.

10.

{¶ 17} For all of the foregoing reasons, the judgments of the Wood County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
JUDGE

Gene A. Zmuda, J.     

Myron C. Duhart, P.J.      _____
CONCUR.      JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.